206 A.2d 96.

RUTH E. J. BRAUN *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF SOUTH KINGSTOWN.

JANUARY 4, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This petition for certiorari was brought to review the action of the respondent board in granting permission to use as a gift shop and for the sale of clothing a room located within the Kingston Inn containing 256 square feet. Pursuant to the writ the respondent board has certified the record to this court.

It appears therefrom that the building to which this application relates, long used as an inn and restaurant, is located in that part of the town of South Kingstown known as Kingston Village in an area zoned for residential uses. In April 1963 this same applicant applied for permission "to operate a gift shop in one portion of the Kingston Inn * * *." After an investigation as to the nature of the pro-

posed use conducted by a two-member subcommittee of the respondent board, the application was granted on May 20, 1963. By the terms thereof the gift shop was to be operated in two rooms located within the Inn, and limited the "floor space used to 625 sq. ft. * * * ." Although several objections were made to the granting of this application, the record does not disclose that an appeal was taken from the decision of the board.

The instant application, filed on September 24, 1963, sought an exception specifically under the provisions of sec. VIII (2) (c) of the zoning ordinance for permission to "Use another room 16 x 16 in addition to 625 sq. ft. To sell gifts and clothing for men and women." The board, meeting on October 21, 1963, granted this application by unanimous vote.

There is in the record also an undated document subscribed to by all of the board members and obviously intended to constitute a written decision setting out the findings on which the board granted this exception. The board states therein that the exception was granted under the provisions of sec. VIII (2) (d) and finds, in substance, that no substantial changes will be made to the exterior of the Inn; that there will be no major rearrangement of interior rooms; that outdoor advertising signs would meet the requirements of the historic zone ordinance; that an off-street parking area "should serve for the volume of patronage anticipated"; and that the operation of the clothing shop "will not be detrimental to surrounding property * * * ."

The petitioner asserts that the board, in granting the exception, acted arbitrarily and abused its discretion, arguing that there is in this record no competent evidence that will support the board's finding of the conditions precedent to an exercise of its authority to grant exceptions that are prescribed in the ordinance. Our attention is directed to

the provision of sec. VIII (2) which reads, in pertinent part: "When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially permanently injured, the Board of Review shall * * * authorize special exceptions to the regulations herein established as follows * * *." It is settled that, prior to affirmatively acting to grant exceptions authorized in a zoning ordinance, a board must make findings with respect to such conditions precedent as the ordinance prescribes. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108; *Gallagher* v. *Zoning Board of Review*, 90 R. I. 68.

The record before us is devoid of testimonial evidence relevant to the issue of the establishment of the conditions precedent to an exercise of the board's authority to grant exceptions or, more precisely, evidence that is probative of the conclusions stated by the board in its decision as demonstrating a finding of the conditions precedent prescribed in the ordinance. Further, the record is completely barren of evidence showing that the board based its conclusions either on information obtained through an inspection of the premises or on facts resulting from its opinion as to the effect of the exception, these being made competent evidence by our presumption that a board of review has expert knowledge in all matters involving the administration of the zoning ordinance. Absent an appropriate disclosure in the record that the decision rests on such information or opinion, this court will not presume that the board acted on such a basis. *Trovator* v. *Chiaradio*, 95 R. I. 326.

As to matters that are material on the issue of conditions precedent, the record discloses only that the applicant stated that such outdoor advertising signs as he would use "would be in accordance with the Historic Society restrictions"; that "There would be no changes on the outside except to paint * * *"; and that the store to be con-

ducted "would not be a mill outlet type, but a reputable clothing store." The petitioner argues that this does not constitute legally competent evidence on the issue of whether a granting of the exception would be contrary to the convenience and welfare of the public or would substantially or permanently injure neighboring properties.

■ The limitation on the board's authority to grant special exceptions by prescribing conditions precedent thereto makes manifest a legislative intent that the pertinent findings result from an exercise of the board's fact-finding power on legally competent evidence. Special exceptions partake of the character of a permitted use and are intended to provide a landowner with relief from the burden of a use restriction that in peculiar circumstances may be shown to bear no reasonable relationship to the convenience, welfare, and safety of the public. It is obvious that a board should not lightly undertake to grant this relief by making the finding prerequisite to an exercise of its authority on the basis of speculation or conjecture.

In *Zimarino* v. *Zoning Board of Review*, 95 R. I. 363, 187 A.2d 259, we considered the scope of the fact-finding power of boards of review, saying that it was their duty to determine facts from reasonably competent evidence and by other proper means, which facts constitute the basis for their official action on applications. We therein went on to say that such boards "may lawfully ascertain such facts from any reasonably competent evidence, that is, any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues." The phrase "other proper means" used by us in that opinion "includes knowledge acquired by inspections as well as that presumed to be possessed by members of such boards. This evidence constitutes the 'legal evidence' to which we referred in *Hazen* v. *Zoning Board of Review, supra* * * *."

It is incumbent upon us then to pass upon the question of the legal competency of the evidence contained in the instant record as it relates to the establishment of the conditions precedent prescribed in the instant ordinance. This evidence does not, in whole or in part, establish directly that a grant of the exception here sought would substantially serve the convenience and welfare of the public or would not be substantially injurious to the appropriate use of neighboring properties. Neither, in our opinion, is it susceptible of any reasonable inference that would tend to show that the operation of a clothing store in the Inn would substantially serve the public convenience or welfare or would not substantially injure neighboring properties.

Were we to hold the applicant's statement concerning the existence of an off-street parking lot at the Inn susceptible of a reasonable inference that the operation of a clothing store therein will not generate traffic sufficient to cause congestion and hazardous conditions, we would substantially strain the inferential potential of that statement. It is our opinion that the same is true of the applicant's other statements concerning the good reputation of the clothing store and of his compliance with zoning requirements as regards outdoor advertising. In short, the state of the evidence as disclosed in this record compels us to conclude that the findings of the board cannot be rested upon any legally competent evidence relating to the existence of the conditions precedent.

Were we, however, to attribute legal competence to the evidence therein contained, it would avail the applicant nothing, for the question of proof by competent evidence is again raised by the nature of the exception the board specifically declares is granted, namely, an exception under the provisions of sec. VIII (2) (d) of the ordinance. This section reads, in pertinent part: "Permit any nonconforming use to be changed to any specified use not substantially

different in character or more detrimental or objectionable to a neighborhood." The board in its decision did state an opinion that the operation of the clothing shop would not be detrimental to surrounding properties, but here again if we concede that this is a sufficient finding to warrant a grant of the exception, we are unable to find anywhere in the record evidence sustaining it as a conclusion. No testimony has been directed to our attention tending to prove that the operation of the clothing shop would not be more detrimental or objectionable to the neighborhood than would be the operation of the Inn and the gift shop already authorized by the board. This being so, we are constrained to conclude that in granting the exception here, the board acted arbitrarily and in abuse of its discretion.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the record in the case which has been certified to this court is ordered sent back to the respondent board with our decision endorsed thereon.

*Edwards & Angell, Edward F. Hindle, Walter W. Winget, II,* for petitioner.

*Bruce G. Sundlun* (on behalf of and by leave of William H. Leslie, Jr., Town Solicitor of the Town of South Kingstown).

*Amram, Hahn & Sundlun, Dennis J. Tuchler* (Washington, D. C.), for respondent.