DECISION
Before this Court is an appeal from a decision of the North Providence Zoning Board of Review (Board). The plaintiffs, James and Gloria Maron (plaintiffs), seek reversal of a February 5, 2001 decision by the Board, denying their request for a dimensional variance. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
On May 5, 2000, plaintiffs, the owners of a 4,744 square foot vacant lot located on Rosner Avenue in the Town of North Providence and known as Assessor's Plat 4, Lot No. 415 in the Land Evidence Records for the Town of North Providence, petitioned the Board for relief from the Land Use Ordinance of the Town of North Providence, Section 413 — Substandard Lots of Record; Article V — Variances and Special Use Permits; and Article IX — Administration and Enforcement; and Article X — Appeals. Specifically, the plaintiffs, seeking to construct a single family residence on the lot which is situated in an R-8 zone measuring 4,744 square feet, requested a variance from the 8,000 square foot minimum lot size requirement.
On August 17, 2000 and September 21, 2000, the Board held public hearings on the plaintiffs' petition, taking note of the somewhat checkered history of the subject lot. In 1978, the plaintiffs bought the subject lot from Mr. Nicholas Colaluca (Mr. Colaluca) of Port Chester, New York. At the same time, the plaintiffs' daughter bought adjacent lot 416 from the same grantor. Relevant to the 1978 conveyances was a 1965 revision of the Town's zoning ordinance requiring that contiguous substandard lots owned by the same individual merge with one another to form a single lot that meets or exceeds the applicable minimum lot size requirement.[1] Pursuant to this merger provision, the Board noted the 1978 conveyances should not have been permitted in the absence of approval by the town planning board.
Citing this deficiency, the Board, in a February 5, 2001 decision, rejected the plaintiffs' petition for a dimensional variance. On February 26, 2001, the plaintiffs timely filed the instant appeal with this Court pursuant to G.L. 1956 § 45-24-69.
 STANDARD OF REVIEW
Aggrieved parties may appeal a decision of the Board to this Court pursuant to G.L. 1956 § 45-24-69. This section provides that the Court's review of the decision:
 "(c) shall be conducted . . . without a jury. The court shall consider the record of the hearing before the zoning board of review . . . .
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, or;
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The reviewing court gives deference to the decision of the Board, whose members are presumed to have special knowledge of the rules related to the administration of zoning ordinances, and whose decision must be supported by legally competent evidence. Westminister Corporation v.Zoning Board or Review of the City of Providence, et al., 103 R.I. 381,238 A.2d 353, 358 (R.I. 1968); see Technic, Inc., v. Rhode IslandDepartment of Employment and Training, 669 A.2d 1156 (R.I. 1996); seealso, Braun v. Zoning Bd. of Review of South Kingstown, 99 R.I. 105,206 A.2d 96 (1965) (defining competent evidence as that presumed to be possessed by members of such boards). This deference, however, must not rise to the level of "blind allegiance." Citizens Savings Bank v. Bell,605 F.Supp. 1033, 1042 (D.R.I. 1985). The Court conducts a de novo review of questions of law; thus the Court may remand the case for further proceedings or potentially vacate the decision of the Board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." Von Bernuth v. Zoning Bd. of Review,770 A.2d 396, 399 (R.I. 2001); G.L. 1956 § 45-24-69 (d)(5).
 THE MERGER PROVISION
The plaintiffs essentially argue that the 1965 ordinance did not contain a merger provision and, therefore, the 1978 conveyance of lots 415 and 416 to the plaintiffs and their daughter, respectively, were valid. Accordingly, the plaintiffs maintain that they should be granted a variance to build a single family dwelling on lot 415; otherwise, the land is basically worthless to them. The Board, however, notes and has presented competent supporting evidence in support thereof, that the 1965 ordinance did contain a merger provision. Consequently, the 1978 conveyances were illegal as lots 415 and 416 merged in 1965 while owned by Mr. Colaluca. The plaintiffs, the Board argues, bought lot 415 at their own peril and should not be permitted to build a single family dwelling on an undersized lot.
Generally, merger provisions dictate that "contiguous substandard lots under common ownership may lose their separate identity and be treated as a single parcel for purposes of zoning area and frontage requirements . . . ." Arden Rathkopf and Daren Rathkopf, The Law of Zoning and Planning
§ 32.04 (4th ed. 1998). Such provisions "may operate upon contiguous undeveloped lots or upon contiguous lots where one or more of the lots are already developed." Id. Despite due process, takings and equal protection challenges, merger provisions generally pass constitutional muster. Id.
Our Zoning Enabling Act of 1991 permits municipalities to require the merger of contiguous lots held in common ownership, unless both lots are improved. G.L. 1956 § 45-24-38. The statute requires that local ordinances "specify the standards, on a district by district basis, which determine the mergers. The standards include, but are not to be limited to, the availability of infrastructure, the character of the neighborhood, and the consistency with the comprehensive plan." Id. As our State Supreme Court noted in Skelley v. Zoning Bd. of Review of theTown of South Kingston, "[t]he concept of merger of contiguous nonconforming lots in common ownership as an appropriate method to combine nonconforming lots is gaining increased recognition."569 A.2d 1054, 1056 (R.I. 1990) (citing 2 Anderson, American Law ofZoning § 9.67 at 307 (3d ed. 1986)). As in other states, Rhode Island merger provisions have successfully weathered constitutional attacks. Seegenerally, Skelley. It is well-settled, therefore, that a properly adopted merger provision puts all current and future owners of substandard, contiguous lots on notice that such lots have joined. Id.
Furthermore, if a landowner "thereafter attempts to partition the combined lot by selling one of the originally platted lots, the purchaser does not acquire a buildable nonconforming lot, but rather is barred from developing the lot without first obtaining a special exception or variance." Roland F. Chase, Rhode Island Zoning Handbook § 66 (1993 Supp. 2002) (citing R.J.E.P. Associates v. Hellewell, 560 A.2d 353, 355 (R.I. 1989)).
In the present case, this Court is satisfied, after a careful independent review of the 1965 Zoning Ordinance of the Town of North Providence, that a valid merger provision existed at the time that Mr. Colaluca owned lots 415 and 416. See supra note 1.
As such, if the plaintiffs did not know that lots 415 and 416 had merged, the law presumes that they should have known. As one of the Board members remarked at the September 21, 2000 hearing, "many of the residents in that area who had similar lots were forced to combine their lots in order to build single family residences, and it was up to the buyer to be aware of this fact before they purchased this lot." Tr. of September 21, 2000 at 4. Indeed, the Board made a point of reading into the record a September 5, 2000 letter by Planning Director/Zoning Official Leo Perrotta, who after researching the 1965 ordinance, informed the Board that the 1978 conveyance "was in violation of Article VII, Section 3" of the 1965 ordinance — the merger provision. Id. at 2-3. Furthermore, Mr. Perrotta stated "[i]f the lots were under separate ownership prior to the existence of the ordinance and maintained as such, these lots would be buildable under the code." Id.
After a careful review of the entire record, it is apparent that the Board's decision to deny the plaintiffs' petition finding that there was a merger of lots 415 and 416 did not constitute an error of law. Since the 1978 partition of the lots violated the applicable ordinance, the Board's finding that the requested relief could not be granted absent planning board approval was not in violation of statutory authority or in excess of their jurisdiction. Accordingly, this Court finds the decision of the Board was supported by the reliable, probative and substantial evidence of the whole record. Substantial rights of the plaintiffs have not been prejudiced. Accordingly, the decision of the Board is affirmed.
Counsel shall submit the appropriate judgment for entry.
[1] Article VII, section 3 of the 1965 ordinance reads in pertinent part: "Where adjacent lots which are smaller than the minimum area and width required by this ordinance, which were lots of record on the effected date of this amendment, are held under the same ownership, they shall be combined to form a lot which meets the minimum requirements of the zoning district where such lots are located."