DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the City of Cranston (Board). The appellants, Joseph and Beverly LaPolla (appellants or Lapollas) individually and in their capacities as owners of LaPolla Motor Sales, Inc. (LaPolla Motors), seek reversal of an October 10, 2001 decision by the Board denying their request for a dimensional variance. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
The appellants are the owners of a nonconforming 20' x 30' commercial building and a nonconforming 30' x 45' three-family dwelling, located on Cranston Street in the City of Cranston and known as Assessor's Plat 8/1, Lot No. 312 in the Land Evidence Records of the City of Cranston. Additionally, the appellants own the surrounding nonconforming properties located on Cranston Street and known as Assessor's Plat 8/1, Lot No's 308, 309, 310, and 311, collectively known as LaPolla Motor Sales, Inc. All of these properties are situated in a B-1, single-family and two-family residential zoning district. On May 30, 2001 the appellants petitioned the Board for relief from the Zoning Code of the City of Cranston §§ 30-28 — Variances; 30-18(p)(3), (6)(b) and (c) — Off street parking; 30-17 — Schedule of intensity; and 30-8 — Schedule of uses. Specifically, the appellants seek to level the two buildings and construct a nonconforming parking lot for the storage of additional vehicle inventory. Previously on October 2, 2001, the Cranston Planning Commission unanimously approved the appellants' application to expand the parking area of LaPolla Motors to Lot No. 312.
On October 10, 2001, the Board held a public hearing on the appellants' petition. At this hearing, the appellants indicated that they intended to demolish the existing three-family dwelling and commercial establishment. In place of these structures, they intended to construct a parking lot which would merge with their existing lot for the storage and display of LaPolla Motors' automobile inventory.
On the same date, the Board denied the appellants' petition for dimensional variances because the Board felt that the compatibility of expanding the existing auto dealership parking area would not be in character with the neighborhood. On November 9, 2001, the appellants timely filed the instant appeal with this Court pursuant to G.L. 1956 § 45-24-69.
 STANDARD OF REVIEW
Aggrieved parties may appeal a decision of the board to this Court pursuant to G.L. 1956 § 45-24-69. This section provides that the court's review of the decision:
 "(c) shall be conducted . . . without a jury. The court shall consider the record of the hearing before the zoning board of review . . . .
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, or;
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 § 45-24-69.
Essentially, the reviewing court gives deference to the decision of the zoning board, the members of which are presumed to have special knowledge of the rules related to the administration of zoning ordinances, and the decision of which must be supported by legally competent evidence.Monforte v. Zoning Bd. of Review of East Providence, 93 R.I. 447, 449,176 A.2d 726, 728 (1962); see Braun v. Zoning Bd. of Review of SouthKingstown, 99 R.I. 105, 206 A.2d 96 (1965) (defining competent evidence as that presumed to be possessed by members of such boards). This deference, however, must not rise to the level of "blind allegiance."Citizens Savings Bank v. Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). The court conducts a de novo review of questions of law; thus the court may remand the case for further proceedings or potentially vacate the decision of the zoning board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." VonBernuth v. Zoning Bd. of Review, 770 A.2d 396, 399 (R.I. 2001); G.L. 1956 § 45-24-69(d)(5).
 THE REQUEST FOR DIMENSIONAL RELIEF
With respect to the request for dimensional relief, the Board considered evidence that the appellants were attempting to expand their business and that this expansion was not in conformity with the general character of the surrounding area and thus, not reasonable. The Board heard testimony from several abutting landowners, many of whom opined that the Knightsville neighborhood, where LaPolla Motors was situated, was characterized by "small businesses" and was "highly residential."Tr. at 27. Additionally, the Board heard testimony from abutters who voiced their concerns that the increase in Lapolla Motors' business might pose a safety hazard to an already congested area frequented by many schoolchildren and elderly residents. Specifically, one resident testified that:
 "I . . . hear the . . . [automobile] Delivery trailer truck come up my street every morning, and my first thought is the young students that are actually standing right across the street [where] the school bus picks them up . . . those students that are walking down Cavalry Street . . . , I am very concerned about that." Tr. at 53.
Conversely, the Board heard expert testimony from real estate expert William Coyle Jr. (Coyle) who opined that it was his belief that approximately half of the properties on Cranston Street, within the immediate area of LaPolla Motors, were "devoted to non-residential uses." Thus, it was his "considered opinion that the development that's planned would not have an adverse impact on the health, safety, or welfare of the community." Tr. at 23.
While the Rhode Island Supreme Court has held that a zoning board is "vested with discretion to accept or reject the evidence presented"Bellevue Shopping Ctr. Ass'n v. Chase, 574 A.2d 760, 764 (R.I. 1990), it is equally well settled that the lay testimony of abutting landowners as to a proposed use's impact on surrounding property values or traffic conditions is devoid of any probative force. Smith v. Zoning Bd. ofReview, 103 R.I. 328, 334, 237 A.2d 551, 554 (1968). Ultimately, if the testimony before the board does not elicit any probative evidence regarding the impact of a proposed use, the board may "take into consideration probative factors within [its] knowledge" regarding such a use and "if possessing no such knowledge, the board may subsequently acquire it by taking a view and relating their resulting observations to the evidence adduced by the applicant in the reasons for their decision."Id. at 335, 237 A.2d at 555.
In the present case, the record does not reflect why the Board discounted Mr. Coyle's testimony and accepted the testimony of the abutters and city councilmen. Absent from the decision is reference to the evidence that the Board relied upon, indicating familiarity with the area or whether the Board acquired such familiarity. While the Board is generally free to accept or reject competent evidence at its discretion, it must not simply rest its findings on evidence that has no probative value. Id. Thus, the Board's finding that "the compatibility of expanding the existing auto dealership parking area would not be in character with the neighborhood, which is mostly residential" (Decision of October 10,2001 at 3), is not supported by the reliable, probative and substantial evidence of the whole record and constitutes an abuse of discretion.
 THE DIMENSIONAL VARIANCES
Under traditional zoning principles, it is well accepted that applicants for a dimensional variance must demonstrate that their land is so uniquely affected that they experience an unnecessary hardship. E.C. Yokley, Zoning Law and Practice § 21-6 (4th ed. 1979). Furthermore, at the time of the hearing, the Rhode Island Zoning Enabling Act provided that the petitioner seeking relief from zoning restrictions bears the burdens of production and persuasion as to why such relief is warranted.SNET Cellular, Inc. v. Angell, 99 F. Supp.2d 190 (D.R.I. 2000) (under Rhode Island law, the petitioner bears the burden of demonstrating that a variance should be granted). Thus, when applying for dimensional variances pursuant to G.L. 1956 § 45-24-41, the petitioner needed to demonstrate to the zoning board:
 "(c)(1) [t]hat the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant . . . .
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
(4) That the relief to be granted is the least relief necessary.
 ***
 (d)(2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience, which means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief." G.L. 1956 § 45-24-41.
Recently, the Rhode Island Supreme Court has indicated that G.L. 1956 § 45-24-41 requires that petitioners for dimensional variances must demonstrate that "no other reasonable alternative" exists for the enjoyment of a property's legally permitted use. Sciacca v. Caruso,769 A.2d 578, 583 (R.I. 2001).[1] Thus, a dimensional variance is "warranted when a petitioner is precluded from the full enjoyment of the use of his property for permitted purposes by an insistence upon a literal enforcement of area restrictions." Sun Oil Co. v. Zoning Bd. ofReview of the City of Warwick, 105 R.I. 231, 234, 251 A.2d 167, 169 (1969). For dimensional relief, an applicant must satisfy G.L. 1956 § 45-24-41(c) and (d), the first element of which is §45-24-41(c)(1).
Application of § 45-24-41(c)(1)
The appellants' burden pursuant to G.L. 1956 § 45-24-41(c)(1) was to demonstrate that the hardship for which relief was sought was due to the unique characteristics of the subject lot and not to a physical or economic disability attributable to them. The appellants argue that the proposed extension of LaPolla Motors' parking lot was motivated primarily to alleviate parking difficulties on the surrounding streets — providing a more "user friendly and consumer friendly atmosphere."Appellants' Brief at 4. While the Board did consider evidence that LaPolla Motors was situated in a congested area and that there were significant parking and traffic difficulties, the appellants did not present any evidence that the hardship suffered was due to any unique characteristics of their lot. Rather, the record indicates that the appellants' primary motivation was to "create more parking and display area for our vehicles" and to "increase [their] inventory [of vehicles]."Tr. at 11-12. Consequently, the record reflects that the appellants did not satisfy this prong of G.L. 1956 § 45-24-41(c)(1). Nevertheless, the record does not indicate that the Board based its denial of the appellants' petition on their failure to satisfy G.L. 1956 §45-24-41(c)(1).
Section 45-24-41(c)(2)
This prong of the dimensional variance standard requires the appellants to demonstrate that the hardship from which relief is sought is not the result of any prior action attributable to them and/or does not result primarily from their desire to realize greater financial gain. In the present case, the record demonstrates that the appellants' desire for relief from the literal enforcement of the zoning restrictions was at least partially motivated by desires for financial gain. Again, the appellants plainly stated that the primary reason for requesting relief was motivated by a desire to "create more parking and display area for our vehicles" and to "increase [their] inventory [of vehicles]." Tr. at 11-12. Thus, the record reflects that the appellants did not satisfy this prong of G.L. 1956 § 45-24-41(c)(2). Again, however, there is no evidence of record indicating that the Board based its decision on the appellants' failure to satisfy G.L. 1956 § 45-24-41(c)(2).
Section 45-24-41(c)(3)
This prong requires that the petitioner demonstrate that the requested relief will not alter the general character of the surrounding area or impair the intent of the zoning ordinance or comprehensive plan. In the instant matter, the record demonstrates that the Board heard testimony from several abutters and two city councilmen that the proposed extension of the parking area would adversely affect the surrounding area. Specifically, an extension of the parking area would adversely affect the surrounding area. A recurring concern of many of the abutting landowners was that if the variance was granted, LaPolla Motors would expand, increasing traffic flow in an already congested residential area. Tr. at 53. The Board also heard the expert testimony of Mr. Coyle, who contended that the immediate area surrounding LaPolla Motors contained numerous commercial uses, and that LaPolla Motors' proposed extension would not negatively impact the surrounding neighborhood. Tr. at 23. Thus, aside from the non-probative testimony of the abutting landowners and two city councilmen, the record reflects that the Board neither heard any expert rebuttal of Mr. Coyle's testimony, nor professed any special knowledge of the area surrounding LaPolla Motors.
Thus, the Board's decision not to grant the dimensional variance based on its finding that an expansion of "the existing auto dealership parking area would not be in character with the neighborhood, which is mostly residential" was not supported by the evidence of record and constituted an abuse of discretion. Decision of October 10, 2001 at 3.
Sections 45-24-41(c)(4) and 45-24-41(d)(2)
These subsections require the appellants to request the least relief necessary from the board and demonstrate that the hardship from which relief is sought amounts to more than a mere inconvenience. In the present case, the record reflects that the appellants neither demonstrated that the hardship amounted to more than a mere inconvenience, nor that there was any showing by the appellants that the proposed extension was the least relief necessary. Indeed, the record indicates that the current dearth of parking spaces was inconvenient, rather than a severe hardship to the appellants' business. Specifically, an officer of LaPolla Motors stated that "people that come in for parts [or other services] unfortunately do park [in no-parking areas]"; however, there was no showing that these parking difficulties constituted anything more than a mere inconvenience. Tr. at 11. Likewise, the decision does not indicate why the appellants' proposed expansion of Lot 311's nonconforming parking lot and change of Lot 312's nonconforming use to another nonconforming use would constitute the least relief necessary. Thus, the record reflects that the appellants did not satisfy these subsections. Again, however, the Board did not base its findings on the appellants' failure to satisfy these elements.
 CONCLUSION
The Board's conclusion that the appellants' proposed extension of the nonconforming parking lot would not be in character with and adversely affect the surrounding area is not supported by the substantial evidence of record. In its decision, the Board did not reference the probative evidence upon which it based its findings. The record and the Board's subsequent written decision also reflect that the Board did not fully determine whether the appellants had satisfied all the elements of G.L. 1956 § 45-24-41.
Accordingly, this Court remands the Board's October 10, 2001 decision for specific findings. See Cranston Printworks Co. v. City of Cranston,684 A.2d 689, 692 (R.I. 1996) (remanding a case to a municipal body for specific findings of fact and conclusions of law where that body "failed to produce a record that would allow a determination [by the reviewing court] concerning whether its action was arbitrary and capricious");Sciacca v. Caruso, 769 A.2d 568 (R.I. 2001); von Bernuth v. Zoning Bd. ofReview, 770 A.2d 396 (R.I. 2001). On remand, the Board must determine whether on the probative evidence before it as of October 10, 2001, the appellants properly complied with all the elements of G.L. 1956 §45-24-41. This Court will (a) retain jurisdiction over this matter; (b) convene a "status conference" with counsel for the parties, at the convenience of counsel, no later than one hundred twenty (120) days from the date of entry of this decision to determine what actions, if any, have been taken by the parties consistent with this decision.
[1] At the time of the hearing, the applicable zoning provision, G.L. 1956 § 45-24-41, required that the applicant demonstrate that "no other reasonable alternative" exists for the enjoyment of a legally permitted use before a variance is properly issued. On June 28, 2002, however, our State General Assembly repealed that portion of the Enabling Act so that applicants for dimensional relief need only demonstrate that the hardship complained of amounts to "more than a mere inconvenience" — otherwise known as the "Viti Standard." Thus, the higher standard required of variance applicants in Sciacca has been superseded by the June 28, 2002 legislative act.