DECISION
Before this Court is an appeal of a decision of the Zoning Board of Review of the Town of Johnston (the "Board"), denying Robert Verdone's and Russell Palazzo's (respectively known as "Verdone" and "Palazzo," and collectively known as the "appellants") petition for a special use permit. The appellants seek reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
Palazzo was the owner of a legal, pre-existing nonconforming residential use property located at 22 1/2 Greenville Avenue in the Town of Johnston and known as Lot Nos. 6,356, and 392 on Assessor's Plat 14 in the Land Evidence Records of the Town of Johnston (the "Property.") The Property was situated in a B-2 general business district. On October 29, 1999, Palazzo petitioned the Board for a special use permit pursuant to the Zoning Ordinances of the Town of Johnston § P and Tbl. III, D-1, allowing him to convert the residential use located on the Property to an "office and used car sales lot." Special Use Permit Application ofOctober 14, 1999 at 2.
On November 18, 1999, the Board held public hearings on the appellants' petition. At the hearing the Board heard testimony from Verdone and Town Councilman Joseph Wells (Councilman Wells). In accordance with his application for a special use permit, Verdone testified that he proposed to open a car sales lot on the Property and that no automotive repairs would be conducted therein. Tr at 1. Councilman Wells, however, opined that the grant of the special use permit would further exacerbate congestion in the already densely packed area. Id.
On March 10, 2000, the Board issued a written decision denying the appellants' petition for a special use permit. On March 30, 2000, the appellants timely appealed the March 10, 2000 decision of the Board. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 STANDARD OF REVIEW
Aggrieved parties may appeal a decision of the Board to this Court pursuant to G.L. 1956 § 45-24-69. This section provides that the Court's review of the decision:
 "(c) shall be conducted . . . without a jury. The court shall consider the record of the hearing before the zoning board of review . . .
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, or;
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 § 45-24-69.
Essentially, the reviewing court gives deference to the decision of the zoning board, the members of which are presumed to have special knowledge of the rules related to the administration of zoning ordinances, and the decision of which must be supported by legally competent evidence.Monforte v. Zoning Bd. of Review of East Providence, 93 R.I. 447, 449,176 A.2d 726, 728 (1962); see, Braun v. Zoning Bd. of Review of SouthKingstown, 99 R.I. 105, 206 A.2d 96 (1965) (defining competent evidence as that presumed to be possessed by members of such boards). This deference, however, must not rise to the level of "blind allegiance."Citizens Savings Bank v. Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). The court conducts a de novo review of questions of law; thus the court may remand the case for further proceedings or potentially vacate the decision of the zoning board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." VonBernuth v. Zoning Bd. of Review, 770 A.2d 396, 399 (R.I. 2001); G.L. 1956 § 45-24-69(d)(5).
 INADEQUACY OF THE CERTIFIED RECORD
It is well settled that a zoning board of review must make adequate findings of fact so that a court may properly review that board's decision for error. Irish Partnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986). A zoning board's findings:
 "must be factual rather than conclusional, and the application of the legal principles must be `something more than the recital of a litany. . . .' All this must be spread upon the record; the board of review is obligated to inform the . . . reviewing court of the nature and character of the evidence upon which it decided the issues involved in the case . . . . If these requirements are not met, the `decision' of the board is a nullity and cannot form the basis for judicial review either by the Superior or Supreme Court. Furthermore, the board must make clear on the record what evidence it relied on and how it resolved the conflicts and reached its conclusion." Roland F. Chase, Rhode Island Zoning Handbook § 95 at 107 (1997).
Thus, where the certified record, the findings, and/or the decision of a zoning board fail to meet these basic standards, resulting in a "genuine defect in the proceedings in the first instance," a reviewing court may "remand the case for further proceedings, including the taking of more evidence." Id. § 180 at 200-201.
In the instant matter, the certified transcript of the November 18, 1999 hearing does not indicate why the Board ultimately decided to deny the appellants' request for a special use permit. Specifically, the record does not demonstrate that the Board heard any probative evidence that would lead a reasonable mind to conclude that the grant of the requested relief would contravene any provision of the Zoning Ordinances of the Town of Johnston. Specifically, section P — special usepermits reads in pertinent part:
 "In granting a special use permit, the Zoning Board shall require that evidence of the satisfaction of the following criteria be entered into the record of the proceedings:
 (a) That granting of the special use permit will be compatible with the neighboring uses and will not adversely [a]ffect the surrounding neighbors' use and enjoyment of their property;
 (b) That granting of the special use permit will be environmentally compatible with neighboring properties and the protection of property values;
 (c) That granting of the special use permit will be compatible with the orderly growth and development of the Town of Johnston, and will not be environmentally detrimental therewith;
 (d) That the best practices and procedures to minimize the possibility of any adverse effects on neighboring property, the Town of Johnston, and the environment have been considered and will be employed, including but not limited to, considerations of soil erosion, water supply protection, septic disposal, wetland protection, traffic limitation, safety and circulation;
 (e) That the purposes of this ordinance, and as set forth in the Comprehensive Plan, shall be served by said special use permit;
 (f) That the granting of the special use permit will substantially serve public convenience and welfare; and
 (g) That the granting of the special use permit will not result in or create conditions that will be inimical to the public health, safety, morals and general welfare of the community. Zoning Ordinances of the Town of Johnston, § P.
In this case, the record demonstrates that the Board considered only the lay opinion of Councilman Wells that the "area [could not] handle [the proposed development.]" There is no evidence of record that the Board relied on any special familiarity with the surrounding area, as it is permitted to do, in denying the special use permit. Sciacca v.Caruso, 769 A.2d 568 (R.I. 2001). Furthermore, the Board's written decision of March 10, 2000 is somewhat cryptic as it did not deny a special use permit application, but rather "denies the petitioner's application for a dimensional variance." Decision of March 10, 2000 at 2. Interestingly enough, the appellants applied for a special use permit, not a dimensional variance.
Consequently, the Board never properly ruled on the merits of the appellants' petition for a special use permit and the testimony before the Board was not probative or substantial enough to afford proper judicial review. Accordingly, this Court remands to the Board its March 10, 2000 decision for further proceedings with instructions to take more evidence so as to compose a fuller record for proper judicial review. This Court also instructs the Board to decide the merits of the appellants' petition for a special use permit.