[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is the appeal of Joseph Giuliano and Carol A. Damiano (hereinafter "Appellants" or "Applicants"), challenging the decision of the Zoning Board of Review of the City of Warwick (hereinafter "Zoning Board"), denying their petition for a variance to construct a single-family residence on an undersized non-conforming lot. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS
The Appellants own property located at Pole 27, Lake Shore Drive, Warwick, Rhode Island, also designated as Assessor's Plat 327, Lot 231. The property is located in a R-7 Zone, allowing single-family dwellings, and was originally purchased by the daughters of the Appellants in the 1980's. In 1991, the Appellants' daughters applied for a variance from the Warwick Zoning Board seeking to build a house on the undersized non-conforming lot. The Zoning Board of Review for the City of Warwick denied the petition, from which the Appellant's daughters appealed. On April 30, 1992, Justice Hurst overturned the Zoning Board of Review's decision and ordered the Building Permit be granted. Specifically, Justice Hurst ordered that the application for a five-foot variance from the required setback be granted.
Shortly after the appeal, the Appellants' daughters applied for a Rhode Island Freshwater Wetlands Permit. The application was vetoed by the Warwick City Council. Subsequently, the Appellants' daughters filed suit in Superior Court and eventually entered into a Consent Agreement with the City of Warwick (hereinafter "City") and the Department of Environmental Management. The Consent Agreement allowed for the construction of the proposed house, subject to an additional five-foot change, in the location of the house, from its original design.
The proposed structure is a 14' x 40', two-story, single-family dwelling, on a 4,340 square foot lot that directly abuts a body of water. The applicable zoning ordinance requires 7,000 square foot minimum lot size and a 25 foot setback. The Appellants seek a ten-foot variance from the required setback, placing the house 15 feet from the front yard property line (originally in Judge Hurst's decision the proposed set back was 20 feet).
On August 7, 2001, a second hearing was conducted regarding the amended variance application. At the hearing, the Zoning Board of Review denied the application of the Appellants. Subsequently, the Appellants filed this timely appeal which is opposed by the Zoning Board of Appeal for the City of Warwick and intervener, Joan McGraw, a direct abutter to the subject property.
 STANDARD OF REVIEW
Section 45-24-69(a) of the Rhode Island General Laws permits an aggrieved party to file an appeal with the Superior Court challenging a zoning board's decision. See Section 45-24-69(a). Pursuant to G.L. §45-24-61, when rendering a decision, a zoning board must "include in its decision all findings of fact. . . ." See Section 45-24-61. In effectuating this mandate, the Rhode Island Supreme Court has held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decision in order that such decisions may be susceptible to judicial review." Von Bernuth v. ZoningBd. of Review, 770 A.2d 396, 401 (R.I. 2001) (quoting Cranston PrintWorks Co. v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996)); seeSciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001). Further, when a zoning board fails to make appropriate findings, the Superior Court "will not search the record for supporting evidence or decide for itself what is proper in the circumstances, but will remand for further proceedings." VonBernuth, 770 A.2d at 401 (quoting Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986)).
Additionally, G.L. § 45-24-69(d) provides specific guidelines to be followed by the court when reviewing decisions of a zoning board:
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellants have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Section 45-24-69(d)
Essentially, the reviewing court gives deference to the decision of the zoning board, the members of which are presumed to have special knowledge of the rules related to the administration of zoning ordinances, and the decision of which must be supported by legally competent evidence.Monforte v. Zoning Bd. of Review of East Providence, 93 R.I. 447, 449,176 A.2d 726, 728 (1962); see Braun v. Zoning Board of Review of SouthKingstown, 99 R.I. 105, 206 A.2d 96 (1965). (defining competent evidence as that presumed to be possessed by members of such boards). This deference, however, must not rise to the level of "blind allegiance."Citizens Savings Bank v. Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). When reviewing the decision of a zoning board of review, the court must examine the entire record to determine whether substantial evidence exists to support the board's findings. Salve Regina College v. ZoningBoard of Review, 594, A.2d 878, 880 (R.I. 1991).
Under traditional zoning principals, it is well accepted that applicants for a dimensional variance must demonstrate that their land is so uniquely affected that they experience an unnecessary hardship. E.C. Yokley, Zoning Law and Practice § 21-6 (4th ed. 1979). Furthermore, the petitioner seeking relief from zoning restrictions bears the burden of production and persuasion as to why such relief is warranted. SNETCellular, Inc. v. Angell, 99 F. Supp.2d 190 (D.R.I. 2000). Thus, regarding dimensional variances, § 906.3(A) of Appendix A, Zoning, of the Warwick Code of Ordinances states that:
 "In granting a variance, the board shall require evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and not due to a physical or economic disability of the applicant;
 (2) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general characteristic of the surrounding area or impair the intent or purpose of this zoning ordinance or the comprehensive plan of the city
 (4) That the relief to be granted is the least relief necessary."
Additionally, pursuant to § 906.3(B)(2) of Appendix A, Zoning, of the Warwick Code of Ordinances provides that:
 "In granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief."
 ANALYSIS
As the basis of their appeal, the Appellants raise a plethora of arguments as to why their application for a dimensional variance should be granted. First, the Appellants assert that the Zoning Board acted arbitrarily and in excess of its powers by not granting the dimensional variance. Specifically, the Appellants insist expert testimony established that the proposed building is in accordance with the character of the neighborhood and would not diminish the value of the surrounding property.
Second, the Appellants insist that the Zoning Boards' decision was erroneous. Specifically, the Appellants rely on the Consent Agreement entered into by the City of Warwick, the Department of Environmental Management and the Appellants stating that the Consent Agreement, as presented, was acceptable to all three parties, for all environmental reasons. Additionally, the Appellants rely on the real estate experts' testimony that the proposed variance would not alter the general character of the surrounding area or impair the intent of the Zoning Ordinance or the Comprehensive Plan. The Appellants assert that there exist neither exhibits nor testimony contradicting the evidence they presented at the Zoning Board hearing.
Third, the Appellants contend that the building permit for the construction of a single-family dwelling should have been granted as a matter of law. In support thereof, the Appellants rely on testimony from the real estate expert that a single-family home is the only reasonable use that can be made for the property. The Appellants insist, based on the Zoning Board's decision, that all beneficial use will be lost and the property is essentially confiscated without compensation in violation of Constitutional law.
Alternatively, the Zoning Board, in a written decision, found that granting the requested variance would alter the general characteristic of the surrounding area and impair the intent or purpose of the Zoning Ordinance and the Comprehensive Plan of the City because the subject property would be the only undersized lot in the area. The Zoning Board also held that the hardship incurred is a result of prior actions by the Appellants and that the Appellants have not proposed a reasonable alternative for the subject property. Furthermore, the Zoning Board found that the relief requested was not the least relief necessary because the proposed dwelling is too close to the water's edge.
Intervener, Joan McGraw, echo's the Board's assertions and further contends that if a structure was built on the lot, the right to enjoy her property would be severely prejudiced and diminished. Specifically, Ms. McGraw asserts that the presence of a structure on the lot in question would cause water to be displaced and negatively impact her abutting property. This Court notes, however, that Ms. McGraw has failed to produce any factual evidence, via expert testimony or otherwise, supporting her assertions or opposing the Appellants' expert testimony.
After reviewing the transcript, exhibits, and memorandum of law, this Court finds that the Appellants' application for a dimensional variance should be granted. The evidence indicates that the hardship from which the Applicants seek relief is due to the unique characteristics of the subject land and not to the general characteristics of the surrounding area. The subject property consists of 4,340 square feet, a portion of which directly abuts a body of water. Although the property may not be the ideal setting for a single-family residence, the City of Warwick, the Department of Environmental Management and the Appellants have all reached a valid agreement regarding the best use for the subject property. The evidence presented to the Zoning Board confirms that a single-family residence is the only use that could possibly be contemplated as beneficial to the Appellants. The hardship from which the Applicants seek relief is not due to the general characteristics of the surrounding area. Established evidence illustrates that the property is surrounded by lots containing single-family residence.
Moreover, the hardship is not the result of any prior action of the Applicants and does not result primarily from the desire of the Applicants to realize greater financial gain. No evidence exists indicating that the Appellants ever owned adjoining property or that the Appellants have modified the lot to create this hardship.
Granting the requested variance will not alter the general characteristic of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan of the City. The record reflects that the Board was presented with probative evidence that the proposed development conformed to the intent of the City's Comprehensive Plan. Specifically, the transcript of the hearing indicates that the majority of the houses that sit on Lake Shore Drive are of the same characteristic as the proposed house; they sit very close to the street. Zoning Board of Review Tr. at 11. Moreover, the Zoning Board was presented with testimony that the majority of properties in the area are single-family homes that sit on property similar in square footage to the lot presently in question. Such testimony was sufficient to indicate to the Board that the general characteristics of the surrounding area would not be altered by the granting the Appellants' dimensional variance application.
The relief to be granted is the least relief necessary. The record indicates that in 1992 Justice Hurst, when deciding the original appeal, granted a dimensional variance permitting the proposed structure to be placed five feet short of the required twenty-five foot setback. Now, in an effort to enforce the Consent Agreement entered into by the City of Warwick, the Department of Environmental Management and the Appellants, the Appellants seek to adjust the setback requirement an additional five feet. An adjustment of a mere ten feet is the least relief necessary.
Finally, after reviewing the entire record, this Court concludes that there is no other reasonable alternative use for the Appellants' property. Under the Warwick Zoning Code, the subject property may only be used as a single-family home, a school, a day-care facility, truckfarming crops or a community well. The Appellants' expert witness testified that the subject property could only be used for a single-family home. Absent any evidence to the contrary this Court concludes that a single-family residence is the only reasonable use for the land
In view of the reliable, probative, and substantial evidence of the entire record, this Court finds that the Zoning Board's denial of the Appellants' application was clearly erroneous. Accordingly, the Appellants' dimensional variance application is hereby granted and the Board's decision is reversed.