PIETRO MONFORTE *vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

JANUARY 5, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This petition for a writ of certiorari was brought to review a decision wherein the zoning board of review of the city of East Providence denied the application of the petitioner for an exception authorizing him to erect a gasoline service station on lots 39 and 40 of assessor's plat 4. These lots are presently zoned for business uses and are located on Waterman avenue in that city. Pursuant to the writ the respondent board has certified to this court the pertinent records in the cause.

It appears from the record that the property consists of two adjoining lots which abut on Waterman avenue and are adjacent to the intersection thereof with Hall street. The petitioner has been the owner of the property since 1920, and at the present time the only structures on the lots are billboards. According to testimony adduced in his behalf, Waterman avenue is "pretty wide and traffic seems to move along right there" and is a "heavily traveled" street. The evidence shows further that the proposed station would have two entrances on Waterman avenue and that it would be open from seven o'clock in the morning until six o'clock in the evening on weekdays.

The board denied the application for the following reasons:

"The Board has concluded that the location of these lots are within a few feet from an intersection of Hall Street and Waterman Avenue, where there is heavy traffic flowing westerly and turning into Hall Street northerly. By reason of the heavy traffic the granting of this petition would create a serious traffic hazard for cars going in or out of the station, and the westerly flow of traffic on Waterman Avenue.

"The Board is cognizant of the fact that west of Hall Street, Waterman Avenue is a one-way street and all

westerly bound traffic must turn into Hall Street in a northerly direction."

It then concluded that the "petitioner failed to substantiate by any competent evidence that the welfare and convenience of the public would not be best served by the granting of this petition." In this conclusion the board, as we understand it, was finding that the applicant had failed to establish that the public welfare and convenience would be substantially served by a grant of the exception herein sought as is required by the provisions of sec. 15B of the ordinance and for that reason denied the application.

In this decision the board clearly implies that it found as a fact that the operation of a gasoline service station on the premises would complicate the flow of traffic at the intersection of Waterman avenue and Hall street with a consequent increase in the congestion of traffic at that point. The petitioner attacks this finding on the ground that there is in the record no competent evidence that such traffic congestion would result and contends that the board acted arbitrarily in denying his application.

Whether there is in the record any legal evidence to warrant such a finding is a question upon which we are not required to pass in the circumstances here for the reason that it is abundantly clear that the board reached its decision and its findings in reliance upon its own knowledge as to the highway pattern existing in the vicinity of petitioner's property and the volume of traffic using those highways. It is the well-settled law in this state that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance. Where it appears from the record that a decision was reached in reliance upon such knowledge, it is considered by this court to constitute legal evidence sufficient to support such a finding. *Woodbury* v. *Zoning Board of Review,* 78 R. I. 319, 323.

For this reason we find the first contention of petitioner to be without merit.

The petitioner further argues that the action of the board in denying his application was illegal. The gist of this argument, as we understand it, is that the ordinance, while conferring power upon the board of review to determine whether the public convenience and welfare will be substantially served by the granting of an exception, fails to prescribe any norm or standard within which the board is to confine its exercise of the power thus conferred. From this he reasons that the board was without legal authority to make a finding that the grant of an exception in the instant case would be contrary to the public convenience and welfare and concludes, therefore, that in denying his application on such a ground the board was acting illegally. This argument, in our opinion, either ignores or misconceives the nature and extent of the power to grant an exception that vests in a board of review under a zoning ordinance.

The power of a local legislature to enact a zoning ordinance and to provide therein for special exceptions to its terms that may be made by a zoning board of review is conferred upon such local legislatures by the general assembly. *Flynn* v. *Zoning Board of Review*, 77 R. I. 118. The enabling act, now G. L. 1956, chap. 45-24, provides in §45-24-13 that a local legislature, in enacting a zoning ordinance and providing therein for a board of review, may provide also that such board may, "in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained * * *."

In §45-24-19 the general assembly confers specifically upon boards of review the power to grant such exceptions as the local legislature may prescribe when in paragraph b. thereof it confers upon a board of review the express au-

thority "To hear and decide special exceptions to the terms of the ordinance, upon which such board is authorized to pass under such ordinance." In other words, the enabling legislation authorizes local legislatures to prescribe certain exceptions to the terms of the zoning ordinance, which exceptions, subject to appropriate conditions and safeguards, may be granted upon application therefor by the board of review pursuant to such general or specific rules as are set out in the ordinance by the local legislature.

In the instant case the local legislature enacted a zoning ordinance pursuant to the enabling act. In sec. 5A of the ordinance it was provided that "Within the town no building or premises shall be used, and no building shall be erected which is arranged, intended or designated to be used, for any of the following uses, except on special permit as provided in paragraph (1) of sub-section B, section 15 * * *" of that ordinance. Included in the uses that the local legislature declared to be within the scope of the prohibitory language of sec. 5A was a "Gasoline or other motor fuel station."

In sec. 15B of the ordinance, to which express reference is made in sec. 5A thereof, the local legislature has provided for the making of special exceptions to the terms of the ordinance by the board of review. The language of that section pertinent to the issue before us is: "When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows * * *."

This court has heretofore considered in *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 155 A.2d 333, the effect to be given to the quoted provisions set out in sec. 15B. We held therein that such provisions which relate to whether

an exception, if granted, would substantially or permanently injure surrounding property constituted a limitation on the power of the board to grant an exception. In that case the board had found that the exception for which application was made would, if granted, substantially injure surrounding property in that it would have an adverse effect on the value thereof. This court took the view that the board, having made such a finding, was without authority to act affirmatively upon the application for the exception.

In the instant case it is our opinion that those provisions of sec. 15B which relate to the question of whether an exception, if granted, would substantially serve the public convenience and welfare also constitute a limitation on the authority of the board to grant an exception. Under these provisions the board is required to make a finding prior to the grant of the exception as to whether the exception, if granted, would substantially serve the public convenience and welfare. It is our opinion that if such finding is that a grant of the proposed exception would not substantially serve the public convenience and welfare, the board is without authority to act affirmatively on the application for the exception.

In the instant case the board found that the exception sought, if granted, would not substantially serve the welfare and convenience of the public. The board quite clearly predicated this finding upon its conclusion that by reason of the heavy traffic flow on the highways adjoining the property for which the exception was sought the movement of automobiles in and out of the proposed gasoline station would create traffic hazards. Obviously, to grant an exception that would have the effect of increasing traffic congestion with a resultant intensification of traffic hazards would be contrary to the convenience and welfare of the public. On such a conclusion the board was warranted in finding that the exception sought, if granted, would not substantially serve the public convenience and welfare within the

meaning of that phrase as used in the ordinance. The effect of such finding was to divest the board of authority to act affirmatively on the application.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records which have been certified to this court are ordered sent back to the respondent board.

*Ralph Rotondo, Michael Addeo,* for petitioner.

*Sarkis Tatarian,* for respondent.