DECISION
Before this Court is an appeal by Floyd Romanik and Ana Romanik (the Appellants) from a July 28, 2005 decision of the Zoning Board of Review for the Town of Glocester (the Zoning Board), granting an application for a dimensional variance to Christine Bonoyer (the Applicant). Jurisdiction is pursuant to G.L. 1956 §45-24-69.
 FACTS AND TRAVEL
The Appellants are owners of certain real estate in the Town of Glocester, designated as Lot 119 on Tax Assessor's Plat No. 13.See Hearing Transcript, dated June 23, 2005, (Tr. I) at 3.[1] The property is located in an A-4 zoning district and consists of approximately 14.66 acres.[2] See SurveyMap (Map). The lot currently contains a single-family dwelling. See id.
The Applicant proposed subdividing the property into two lots with the intent of allowing her son to build a residence for his family on the second lot. Tr. I at 4 and 6-7.[3] Proposed Parcel 2 is that portion of the land where the Applicant's home stands and encompasses 7.1 acres. See Map. It satisfies all zoning requirements. See Tr. I at 5. Proposed Parcel 1, encompassing 7.5 acres in size, would not satisfy the 350 foot lot width requirement for an A-4 district because its width would only be 251.87 feet. Tr. I at 7.[4] Consequently, on May 23, 2005, the Appplicant filed an application with the Zoning Board seeking a dimensional variance of 98.13 feet from the 350-foot lot-width requirement.
At the June 23, 2005, duly noticed hearing, Terrence Greenlief (hereinafter "Greenlief"), a licensed surveyor, testified on the Appplicant's behalf. Tr. I at 4-8. Greenlief testified that he believed that the proposed subdivision conforms with the Comprehensive Plan. Id. at 5. He observed that in the past, similar subdivisions in the neighborhood had been approved by the Zoning Board. Id. Greenlief acknowledged that there was no feasible way of subdividing the property so that it would comply with the Zoning Ordinance for the Town of Glocester (the Ordinance). Id. at 6. He further testified that the purpose of the subdivision is to allow the Applicant's son to build a home, and he was emphatic that profit was not a motive. Id. at 7.
At the conclusion of Greenlief's testimony, counsel for the Appellants, Joseph A. Capineri, objected on their behalf. Id.
at 9. He stated that his clients were intending to file an adverse possession claim against the Applicant for a fifty-foot wide strip of the disputed lot, and that should they prevail, it would increase the amount of relief that the Applicant would need from the lot width requirement. Id. at 10.
On July 28, 2005, the Zoning Board reconvened and unanimously voted to approve the application. It found that the hardship of the Applicant was due to the unique characteristics of the land and was not due to prior actions on the part of the Applicant. It is from this decision that the Appellants timely appeal to this Court.
 STANDARD OF REVIEW
The Superior Court's review of a zoning board decision is governed by § 45-24-69(d). Section § 45-24-69(d) provides:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, this Court must examine the entire record to determine whether substantial evidence exists to support the board's findings.Salve Regina College v. Zoning Bd. of Rev., 594 A.2d 878, 880
(R.I. 1991) (citing DeStefano v. Zoning Bd. of Rev. of Warwick,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)). The term "substantial evidence" has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Reviewof North Kingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quotingCaswell v. George Sherman Sand Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981)).
In conducting its review, the trial justice "may `not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact.'" Curran v.Church Community Housing Corp., 672 A.2d 453, 454 (R.I. 1996) (quoting G.L. 1956 § 45-24-69(d)). The deference given to a zoning decision is due, in part, to the fact "that a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance." Monforte v. Zoning Bd. of Review of EastProvidence, 93 R.I. 447, 449, 176 A.2d 726, 728 (1962). With respect to questions of law, however, this Court conducts a de novo review; consequently, the Court may remand the case for further proceedings or potentially vacate the decision of a zoning board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." VonBernuth v. Zoning Bd. of Review, 770 A.2d 396, 399 (R.I. 2001); see also G.L. 1956 § 45-24-69(d)(5).
If a review of the entire record reveals substantial evidence to support the decision, this Court should affirm a zoning board's decision. See Mill Realty Associates v. Crowe,841 A.2d 668, 672 (R.I. 2004). However, while this Court's review is circumscribed by and deferential to the administrative agency, (see Restivo v. Lynch, 707 A.2d 663, 667 (R.I. 1998)), [it] must not rise to the level of "blind allegiance." CitizensSavings Bank v. Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). A zoning board's decision will be reversed if the record reveals that there is not substantial evidence to support the board's findings. Von Bernuth v. Zoning Bd. of Rev. of New Shoreham,770 A.2d 396, 399 (R.I. 2001).
 ADEQUACY OF THE ZONING BOARD'S WRITTEN DECISION
The Appellants assert that the Zoning Board failed to make satisfactory evidentiary findings pursuant to §§ 45-24-41 (c) and (d). The Board counters that it "supplied all the necessary elements in applying the legal standards of § 45-24-41(c)(d)(2) in their [sic] Decision, if not the precise language."Appellee's Brief at 4. The Applicant maintains that her hardship amounts to more than a mere inconvenience and that she did not create the hardship prior to applying for a variance.
The Legislature has mandated that "[t]he zoning board of review shall include in its decision all findings of fact. . . ." Section 45-24-61. In addition, the Supreme Court has long held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review." VonBernuth v. Zoning Board of Review of New Shoreham, 770 A.2d 396
(R.I. 2001) (quoting Cranston Print Works Co. v. City ofCranston, 684 A.2d 689, 691 (R.I. 1996)). Thus, the Court "must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles." von Bernuth,770 A.2d at 401 (quoting Irish Partnership v. Rommel, 518 A.2d 356, 358
(R.I. 1986)). The findings must be factual rather than conclusional, and the application of the legal principles must be something more than a recital of a litany. Von Bernuth,770 A.2d at 401. These are minimal requirements and, unless satisfied, judicial review of a zoning board decision is impossible. Id. "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Irish Partnership, 518 A.2d at 359.
In Sciacca v. Caruso, 769 A.2d 578 (R.I. 2001), the Supreme Court cautioned zoning boards and their attorneys to ensure that zoning board decisions on variance applications address the evidence in the record and determine whether that evidence either meets or fails to satisfy each of the legal preconditions set forth in § 45-24-41 (c) and (d). Sciacca, 769 A.2d at 585. The Court noted that such a specification of evidence in the decision would greatly aid the Superior Court in undertaking any requested review of zoning board decisions. Id.
With respect to dimensional variances, § 45-24-41 provides in pertinent part:
 "(c) In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
 (d) The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings showing that: . . . in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief. . . ."[5]
It is axiomatic that "[a] dimensional or area variance — also known as a `deviation' — provides relief from one or more of the dimensional restrictions that govern a permitted use of a lot of land, such as area, height, or setback restrictions." Sciacca v.Caruso, 769 A.2d 578, 582 n. 5 (R.I. 2001). However, any hardship may not be "the result of any prior action of the applicant." Section 45-24-41(c)(2). A self-created hardship label "seems to be most properly employed where one acts in violation of an ordinance and then applies for a variance to relieve the illegality." Id. 584 (quoting 7 Patrick J. Rohan, Zoning andLand Use Controls § 43.02[6] at 43-66 (1998)).
Under the self-imposed hardship rule, "[a]n area variance may not be granted to solve the problem of an applicant who subdivided his land and . . . who wishes to subdivide a lot to create both a standard and a substandard lot. . . ." Rozes,120 R.I. at 521, 388 A.2d at 820 (quoting 3 Anderson, American Lawof Zoning, § 18.57 at 299-300 (2d ed. 1977)); see alsoSciacca, 769 A.2d at 583 (holding that "a variance may not be granted to the owner of a substandard lot where such lot was created by the deliberate conduct of the applicant. . . . An area variance may not be granted to solve the problem of an applicant . . . who proposed to divide [her] property into two substandard parcels"). The power of zoning boards to award variances "was never intended as a method of sanctioning conditions which do not conform because such conditions were brought about by a landowner subsequent to the adoption of zoning regulations." Rozes,120 R.I. at 522, 388 A.2d at 820. Furthermore, in situations where "an applicant requires both planning board approval and a variance from a local zoning ordinance to use his or her property in a certain manner, any planning board decision in favor of the applicant is conditional in nature and therefore does not relieve the zoning board from taking into account the self-created hardship language of § 45-24-41(c)." Sciacca, 769 A.2d at 584
n. 9.
In its decision, the Zoning Board first summed up the evidence and testimony presented to the Zoning Board, noting the adverse possession claim. Decision of the Zoning Board dated August 12, 2005, at 1-2. It concluded that it did not have jurisdiction to consider the adverse possession claim, and that the only matter before the Zoning Board was the request for a dimensional variance. Id. at 2. The Zoning Board then made the following findings:
 "1. The Board finds that it has jurisdiction to hear and consider this matter of the variance.
 2. The hardship of the Applicant is due to the unique characteristics of the subject land as outlined in the Application.
 3. The requested variance is not due to prior actions of the Applicant or the Applicant's desire for financial gain.
 4. The variance is the least relief necessary and is compatible with the neighboring land use and will not impair the intent of the Comprehensive Plan.
 5. The proposal enhances the Comprehensive Plan's mission, allowing for responsible land use, encouraging innovative home designs, and conforming to the applicable elements of the Comprehensive Plan and the rural nature of the Town.
 6. The Application is in harmony with the general purposes and intent of the Zoning Ordinance, which protects the environment and surrounding natural resources in conjunction with serving the public convenience and welfare.
 7. The proposal will not result in or create any conditions that will be inimical to the public health, safety, morals and general welfare of the community.
 8. The Board considered the written Advisory Opinion of the Planning Board." Id. at 3.
Although the Zoning Board seemingly made findings of fact regarding the statutory requirements for a dimensional variance, there is no discussion in the written decision as to why the Zoning Board considered the hardship suffered by the Applicant to be due to the unique characteristics of the subject land. Furthermore, the decision fails to address the specific evidence presented to the Zoning Board persuading it that the hardship was not the result of any prior action of the Applicant in attempting to subdivide the lot, or that the hardship would amount to more than a mere inconvenience.
Furthermore, even if the Applicant did present sufficient evidence to support a finding that the hardship was due to the unique characteristics of the land, and that the hardship constituted more than a "mere inconvenience," the Zoning Board's decision was conclusional and was nothing more than a "recital of a litany." Irish Partnership, 518 A.2d at 359. Because the Zoning Board did not resolve evidentiary conflicts, make the prerequisite factual findings, and apply the proper legal principles, judicial review of its decision is impossible. See id. at 358.
 CONCLUSION
After a review of the entire record, this Court finds that the findings of the Zoning Board are incomplete and must be supplemented in order to comply with § 45-24-41. Consequently, this Court is remanding the matter for further proceedings consistent with this decision.[6]
Counsel shall submit an appropriate order consistent with this decision.
[1] The hearing was continued so that counsel for the Zoning Board could investigate evidence of an oral claim of adverse possession made by the Appellants. As the Zoning Board did not have jurisdiction to consider the adverse possession claim, it considered only the dimensional variance request when it reconvened on July 28, 2005. Hearing Transcript dated July 28, 2005, (Tr. II) at 4. For purposes of this decision, the two hearings will be referred to as Tr. II and Tr. II, respectively.
[2] Chapter 350, Article I, § 350-6 of the Zoning Ordinance for the Town of Glocester provides that an A-4 "district is intended for agricultural use and low-density single-family dwellings, detached structures, located on lots containing a minimum of lot area of four acres."
[3] Apparently, the Planning Board for the Town of Glocester recommended approval of the subdivision. However, the Board has not provided this Court with a copy of its advisory opinion; consequently, this Court is unable to review the Planning Board's recommendation.
[4] Chapter 350, Article I, § 350-5 defines "lot width" as "the horizontal distance between the side lines of a lot measured at right angles to its depth along a straight line parallel to the front lot line at the minimum front setback line."
[5] Chapter 350, Article I, § 350-8(E)(3) of the Ordinance essentially tracks the language contained in § 45-24-41.
[6] Should the Zoning Board conclude that the record is insufficient to make the requisite findings, it may not re-open the proceedings to take additional evidence. See RogerWilliams College v. Gallison, 572 A.2d 61, 62 (R.I. 1990) (holding that the authority to remand "should not be exercised in such circumstances as to allow remonstrants another opportunity to present a case when the evidence presented initially is inadequate").