DECISION
Before the Court is an appeal by abutters Floyd and Ana Romanik (Appellants) from a July 28, 2005, decision by the Zoning Board of Review for the Town of Glocester (Zoning Board), which granted an application for a dimensional variance to Christine Bonoyer (Applicant). On September 15, 2006, this Court held that in accordance with Rhode Island law, the Zoning Board must submit a supplemented record, which the Zoning Board has now done. After examination of the now-complete record, the Court has determined that substantial evidence exists to support the Zoning Board's findings. Therefore, the Zoning Board's decision is upheld, and the appeal is denied.
 I. FACTS AND TRAVEL
Applicant owns Glocester property located in a residential district zoned A-4. She proposed subdividing her property into two lots with the intent of allowing her son to *Page 2 
build a residence on the second lot. The Applicant's remaining lot (Parcel 2) would conform to all appropriate zoning ordinances, but her son's lot (Parcel 1) would not satisfy the 350 foot width requirement for an A-4 district because its lot would only be 251.87 feet wide. Consequently, on May 23, 2005, Applicant filed an application with the Zoning Board seeking a dimensional variance of 98.13 feet from the applicable ordinance. The Zoning Board held a duly-noticed hearing on the matter on June 23, 2005, wherein the Appellants stated they were intending to file an adverse possession claim against the Applicant which, should it succeed, would increase the amount of relief the Applicant would require from the Zoning Board. On July 28, 2005, the Zoning Board reconvened and unanimously granted the variance in a written decision.
On September 15, 2006, this Court held that the Zoning Board's written decision in this matter was conclusory and "nothing more than a recital of a litany," Irish Partnership v. Rommel, 518 A.2d 356, 359 (R.I. 1986), which failed to make the necessary evidentiary findings of fact. The Court thus required the Zoning Board to provide a supplemented record addressing the shortcomings in the record.
Particularly, this Court determined that the Zoning Board was required to make the required findings of fact regarding why the hardship suffered by the Applicant
 (i) was due to the unique characteristics of the subject land (§ 45-24-41(c)(1)),
 (ii) was not the result of any prior action by the Applicant (§ 45-24-41(c)(2)), and
 (iii) would amount to more than a mere inconvenience (§ 45-24-41(d)).
Furthermore, pursuant to Roger Williams College v. Gallison,572 A.2d 61, 62 (R.I. 1990), the Court noted that "[s]hould the Zoning Board conclude that the record is insufficient to make the requisite findings, it [could] not re-open the proceedings to take additional evidence." *Page 3 
On July 2, 2007, the Zoning Board submitted a supplemented record in accordance with the Court's Decision of September 15, 2006. After reconsideration of the testimony and evidence presented at the June 23, 2005, hearing, the Zoning Board made specific findings of fact, and reaffirmed the grant of the variance to the Applicant.
 II. STANDARD OF REVIEW
The Superior Court's review of a zoning board decision is governed by G.L. 1956 § 45-24-69(d), which provides that:
 "[t]he court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Salve Regina College v. ZoningBd. of Review of City of Newport, 594 A.2d 878, 880 (R.I. 1991) (quotingDeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)). Rhode Island law defines "substantial evidence" as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." *Page 4 Lischio v. Zoning Bd. Of Review of North Kingston, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. George Sherman Sand Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981)).
In conducting its review, the trial justice "may `not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact.'" Curran v. Church Community HousingCorp., 672 A.2d 453, 454 (R.I. 1996) (quoting § 45-24-69(d)). This deference is due, in part, to the fact "that a zoning board of review is presumed to have knowledge concerning those matter which are related to an effective administration of the zoning ordinance." Montfore v. ZoningBd. Of Review of East Providence, 93 R.I. 447, 449, 176 A.2d 726, 728
(1962). Nevertheless, an administrative decision may be vacated if it is clearly erroneous in view of the reliable, probative and substantial evidence contained in the whole record. Von Bernuth v. Zoning Bd. OfReview of Town of North Shoreham, 770 A.2d 396, 399 (R.I. 2001);see also Costa v. Registrar of Motor Vehicles, 543 A.2d 1307 (R.I. 1988); § 45-24-69(d).
 III. ANALYSIS
A "dimensional or area variance — also known as a `deviation' — provides relief from one or more of the dimensional restrictions [or `hardships'] that govern a permitted use of a lot of land, such as area, height, or setback regulations." Sciacca v. Caruso, 769 A.2d 578, 582 n5 (R.I. 2001). Applicants may seek a variance if they can demonstrate that the literal requirements of a zoning ordinance cause a "hardship." G.L. 1956 § 45-24-41(a). However, pursuant to § 45-24-41(c): *Page 5 
 "[i]n granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary."
Accordingly, a hardship may not be "self-created"; in other words, one may not act in violation of an ordinance and then apply for a variance to relieve the illegality. Section 45-24-41(c)(2); 7 Patrick J. Rohan, Zoning and Land Use Controls § 43.02[6] at 43-66 (1998). Additionally, pursuant to § 45-24-41(d)
 "[t]he zoning board of review shall . . . require that evidence is entered into the record of the proceedings showing that: (1) in granting a use variance the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance. Nonconforming use of neighboring land or structures in the same district and permitted use of lands or structures in an adjacent district shall not be considered in granting a use variance; and (2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief. The zoning board of review has the power to grant dimensional variances where the use is permitted by special use permit if provided for in the special use permit sections of the zoning ordinance."
The hardship presented by the Applicant in the present case is that the size of the proposed Parcel 1 would only be 251.87 feet wide, which is 98.13 feet short of satisfying the 350 foot width requirement for an A-4 district, and would therefore be unusable for *Page 6 
any other purpose. Upon review of the testimony and evidence presented at the June 23, 2005 hearing, the Zoning Board found specifically that the hardship was not self-created, but rather the result of the original subdivision of the property, which created a rather unique wedge-shape of property. Furthermore, the Zoning Board determined that the variance complied with the intent of the Comprehensive Plan and was in harmony with the general purposes of the Zoning Ordinance. The Zoning Board also held, after reviewing the evidence, that the variance sought by the Applicant was the least relief necessary, and was not intended for economic gain. Rather, the proposed use encouraged responsible land use without altering the general character of the area.
The supplemented record provided by the Zoning Board therefore contains sufficient evidence that a reasonable mind might accept as adequate to support a conclusion — certainly more than a scintilla. Moreover, in view of the reliable, probative and substantial evidence contained in the whole record, nothing suggests that the Zoning Board's determination is clearly erroneous. As such, the Zoning Board's decision conforms to the requirements of the law and the Court's Decision of September 15, 2006, and should be given the appropriate deference.
 IV. CONCLUSION
For the foregoing reasons, the Court dismisses the present appeal, and upholds the July 28, 2005, decision by the Zoning Board of Review for the Town of Glocester. Counsel shall submit an appropriate order for entry.