DECISION
David C. Wyatt (Appellant or Wyatt) brings this appeal from a decision of the Town of Lincoln Zoning Board of Review (Board) granting the application of his neighbor, Patti Hien (Applicant or Hien), for dimensional relief. Jurisdiction is pursuant to G.L. 1956 § 45-24-69. For the reasons set forth herein, this Court remands this matter to the Town of Lincoln Zoning Board of Review for further proceedings consistent with this opinion.
 I Facts and Travel
The Applicant owns properly located at 65 Grandview Avenue in Lincoln, Rhode Island, also known as Tax Assessor's Plat 8, Lot 23. Hein's parcel consists of 38,805 square feet and is irregular in shape. The L-shaped thru-lot is located in a Residential 12 (R-12) Zone, which requires a minimum lot area of 12,000 square feet. (Town of Lincoln Zoning Ord. § 260-22.) *Page 2 
In December 2006, Hien submitted an application to the Board requesting dimensional relief. The Applicant seeks to subdivide her property into two individual single-family lots. She requested the variances in furtherance of this goal so she can cure a number of existing nonconformities on the lot.
She plans to divide the 38,805 square foot lot into two smaller lots, one measuring approximately 26,800 square feet and the other approximately 12,000 square feet. (Tr. 5.) The larger lot (Parcel 1) would include the improved portion of the Applicant's property, the residence, the detached garage, the detached indoor pool house, and two detached sheds. The smaller lot (Parcel 2) would include the unimproved portion of the Applicant's property. Both Parcel 1 and Parcel 2 would be nonconforming lots.
In her application, Hien requests a number of dimensional variances. The variances can be separated into two distinct categories: (a) those variances directly related to the proposed subdivision, and (b) those variances addressing existing nonconformities that do not relate to, nor result from, the proposed subdivision. Specifically, there are three (3) requested variances associated with and related to the proposed subdivision — two that Hien included in her application for relief and a third request that the Board permitted her to add at the hearing.
First, she seeks a lot width variance for Parcel 2 because her proposed subdivision would leave Parcel 2 with a lot width of approximately 93.7 feet, 6.3 feet short of the 100 feet required under the applicable ordinance. See Application for Dimensional Variance, Attachment 1; see also Lincoln Zoning Ordinance § 260-22. Consequently, Hien requests a lot width variance of 6.3 feet for Parcel 2.See Application for Dimensional Variance, Attachment 1. *Page 3 
Second, Hien seeks a twenty-nine (29) foot rear set back variance for the garage located on Parcel 1. See id. According to Lincoln Zoning Ordinance § 260-26(A)(2), the rear setback for a corner lot — such as Parcel 1 — is 32.5 feet, which is half the sum of the rear setback and side setback for that district. See Town of Lincoln Zoning Ord. § 260-26(A)(2). Hein's subdivision plan leaves only 3.5 feet from the garage on Parcel 1 to the new lot line for Parcel 2, which is 29 feet less than the applicable rear set back requirement.
Next, in addition to requesting a lot width variance for Parcel 2 and a rear set back variance for Parcel 1, Hien also seeks dimensional relief for several existing nonconformities that neither relate to, nor result from, the proposed subdivision.
Hien seeks a 27.5 foot side set back variance for the garage on Parcel 1. See Application for Dimensional Variance, Attachment 1. Further, since Parcel 1 is considered a corner lot, the side setback requirement, like the rear setback requirement, is 32.5 feet. See Town of Lincoln Zoning Ord. § 260-26(A)(2). According to Hien, the garage located on Parcel 1 is approximately five (5) feet from the side property line, thus necessitating a 27.5 foot variance. See Application for Dimensional Variance, Attachment 1.
Hien also requests two front set back variances for the pool house located on Parcel 1. See id. Lincoln Zoning Ordinance § 260-22 requires a minimum front setback of twenty-five (25) feet for lots located within R-12 residential districts. (Town of Lincoln Zoning Ord. § 260-22.) As stated in Hien's application for dimensional relief, the pool house sits eleven (11) feet from the northwest corner of the property and sixteen (16) feet from the southwest corner. See Application for Dimensional Variance, *Page 4 
Attachment 1. Thus, in order to comply with the minimum front setback requirement of Lincoln Zoning Ordinance § 260-22, she needs a variance of fourteen (14) feet for the northwest corner of the pool house and a variance of nine (9) feet for the southwest corner of the pool house.See id.
Lastly, in her application, Hien seeks a rear set back variance of four (4) feet for the small shed located on Parcel 1. See id. Pursuant to Lincoln Zoning Ordinance § 260-28(B), an accessory structure not exceeding fifteen (15) feet in height, nor having an area greater than 500 square feet — such as the shed — requires a minimum side and rear setback of six (6) feet. (Town of Lincoln Zoning Ord. § 260-28(B)). According to the application for relief, the shed is situated two (2) feet from the rear property line, four (4) feet short of the six (6) foot requirement. See Application for Dimensional Variance, Attachment 1.
Hein's application for relief came on for hearing before the Board on February 6, 2007. At the hearing, the Applicant offered testimony from Paul Rampone (Rampone), a professional engineer. (Tr. 2.) Rampone presented the Board with an overview of the proposed subdivision and the requested dimensional relief. Id. 4-11. He also provided the Board with background information as to the original plat layout from the 1950s. Whereas, the original layout included fifteen lots; later, it was redesigned to include six oversized lots, of which the subject property is one. Id. 5-6. Rampone noted that the Applicant's parcel initially appeared as four and a half lots, but at least one or two previous owners merged them into one large lot. Id. 6.
Subsequent to Rampone's presentation, upon suggestion of the Town Solicitor, the Board permitted the Applicant to amend the application to include an additional *Page 5 
request for dimensional relief. Id. 8. According to Lincoln Zoning Ordinance § 260-22, the maximum lot building coverage allowed for property located in an R-12 Zone is 20%. (Lincoln Zoning Ord. § 260-22.) Should the proposed subdivision be approved, the portion of Parcel 1 covered by buildings, accessory buildings, and pools would be approximately 21.4%. (Tr. 8.) As a result, in order for Parcel 1 to comply with the maximum lot building coverage requirement of Lincoln Zoning Ordinance § 260-22, Hien would need 1.4% of lot coverage relief.Id. This request to amend the application was granted by the Board without objection, and the ruling on this issue as it relates to permitting the amendment has not been challenged by the Appellant on appeal.
Following Rampone's testimony and the amendment to the application, Chairperson Arsenault read into the record the recommendations of the Planning Board and Technical Review Committee (TRC). Id. 11-12. The Planning Board recommended approval of the application and found that the proposed dimensional variances were requested in order to cure preexisting nonconformities, which were a result of the property being platted and the structures being erected, prior to present day zoning requirements. Id. 12. Additionally, the Planning Board also found that the requested relief would not alter the general character of the surrounding neighborhood, nor impair the intent or purpose of the Zoning Ordinance and Comprehensive Plan. Id.
Owners of neighboring properties offered testimony at the hearing both for and against the application. One witness, Eileen Keeler, testified in support of the application and opined that none of the proposed changes would alter the characteristics of the neighborhood.Id. 12-13. Another neighbor, Paula Andrews testified that she has lived *Page 6 
in the neighborhood for 25 years and expressed unease over potential parking issues that may arise should the requested relief be granted.Id. 21-22.
Wyatt, the Appellant, also spoke in opposition to the application. He raised concerns about the amount of slate and ledge in the area and the potential for flooding. Id. 15. He questioned the eventual size of any house that might be built on the newly created lot (Parcel 2), should the proposed subdivision be approved. Id. 14-15. In addition, the Appellant presented the Board with two un-notarized petitions, containing several signatures of those purporting to be the Applicant's neighbors requesting that the Board deny the application for dimensional relief and continue the hearing to give the abutters an opportunity to obtain adequate representation. Id. 15-17.
At the conclusion of the testimony, a Board member made a statement expressing her belief that the application was not based primarily on a desire for financial gain and that most of the dimensional variances requested were a result of pre-existing nonconforming structures.Id. 29-30. She indicated that she was familiar with the area and stated that the size of proposed Parcel 2 would be in conformity with the surrounding neighborhood. Id.
At the conclusion of the hearing, the Board unanimously voted to grant the Applicant's requested dimensional variances. The Board issued a written decision on March 23, 2007, approving the Applicant's entire application. In its decision, the Board stated:
 [B]ased upon the totality of the evidence presented to the Board and taking into account the recommendation of the TRC, a motion was duly made by Member Russo and seconded by Member Rao to approve the granting of the request for Dimensional Variances for the following relief: *Page 7 
 • 6.3 foot width relief for parcel #2
 • 1.4% lot coverage relief for parcel #1
 • 14 foot front setback from pool house at the northwest corner;
 • 4 foot shed setback;
 • 27.5 foot setback from the east side of the garage;
 • 29 foot setback from the north side of the garage;
 • 26.5 foot setback on the north side of the pool house
 Member Russo further stated:
 1. Upon consideration of the evidence the Applicant has demonstrated that the hardship from which she seeks relief is due to the unique characteristics of the subject land or structure and not due to the general characteristics of the surrounding area and is not due to a physical or economic disability of the Applicant.
 2. The hardship is not the result of any prior action by the applicant and does not result primarily from the desire of the Applicant to realize greater financial gain.
 3. The hardship suffered by the Applicant does constitute more than a mere inconvenience meaning that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the property.
 4. The granting of the dimensional variance will not alter the general character of the surrounding area or impair the intent or purpose of the Lincoln Zoning Ordinance or Comprehensive Plan.
 5. The relief is the least relief necessary.
(Board's Decision 2-3.) Wyatt takes his appeal from that decision.[1] *Page 8 
 II Standard of Review
The Superior Court's review of a zoning board decision is governed by § 45-24-69(d) and Lincoln Zoning Ordinance § 260-86(D), which provides:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[2]
Section 45-24-69(d); see also Lincoln Zoning Ord. § 260-86(D).
"The Superior Court reviews the decisions of a plan commission or board of review under the `traditional judicial review' standard applicable to administrative agency actions." Restivo v. Lynch,707 A.2d 663, 665 (R.I. 1998). When reviewing a zoning board decision, the Superior Court "lacks the authority to weigh the evidence, to *Page 9 
pass upon the credibility of witnesses, or to sustain his or her findings of facts for those made at the administrative level."Id. at 665-66 (quoting Lett v. Caromile, 510 A.2d 958, 960 R.I. 1986)). The Court must examine the entire record to determine whether substantial evidence exists to support the board's decision. SalveRegina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance."Lischio v. Zoning Bd. of Review of North Kingstown, 818 A.2d 685, 690
n. 5 (R.I. 2003) (quoting Caswell v. George Sherman Sand Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981)). Thus, the reviewing court must examine the record to determine whether competent evidence exists to support the Board's decision. Compare New England Naturist Assoc., Inc.v. George, 648 A.2d 370, 371 (R.I. 1994) (quashing Superior Court judgment based on erroneous ruling), with von Bernuth v. Zoning Bd. ofReview of New Shoreham, 770 A.2d 396, 401-02 (R.I. 2001) (denying relief granted by zoning board based on lack of competent evidence and remanding to Superior Court).
The deference this Court gives to a zoning board's decision is, however, conditioned upon the board's providing sufficient findings of fact to support its decision. Kaveny v. Town of Cumberland Zoning Bd. ofReview, 875 A.2d 1, 8 (R.I. 2005). Factual findings, amounting to more than mere conclusory statements or a "recital of a litany," are necessary to accomplish judicial review of a zoning board decision.von Bernuth v. Zoning Bd. of Review of New Shoreham, 770 A.2d 396, 401
(R.I. 2001) (quoting Irish P'ship v. Rommel, 518 A.2d 356, 358-59 (R.I. 1986)). The deference given to a zoning decision is due, in part, to the fact "that a zoning board of review is *Page 10 
presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance." Monforte v. ZoningBd. of Review of East Providence, 93 R.I. 447, 449, 176 A.2d 726, 728
(1962). Regarding questions of law, however, this Court conducts ade novo review; consequently, the Court may remand the case for further proceedings or potentially vacate the decision of the Board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." von Bernuth, 770 A.2d at 399;see also Section 45-24-69(d)(5).
 III Adequacy of the Zoning Board's Written Decision
Section 45-24-41(c) of the State Zoning Enabling Act and Lincoln Zoning Ordinance § 260-64 set forth the legal standards that the Board must apply when deciding whether to issue a dimensional variance:
 In granting a variance, the Board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (a) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (b) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (c) That the granting of the requested variance will not alter the general characteristics of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (d) That the relief to be granted is the least relief necessary. *Page 11 
Section 45-24-41(c); see also Lincoln Zoning Ord. § 260-64. In addition, § 45-24-41(d) of the State Zoning Enabling Act and Lincoln Zoning Ordinance § 260-65(B) state that the Board shall, in considering requests for dimensional variances:
 [R]equire that evidence be entered into the record of the proceedings showing that . . . the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief.[3]
Section 45-24-41(d); see also Lincoln Zoning Ord. § 260-65(B).
To meet the required criteria, the Board must make specific findings of fact in its decision. The Legislature mandates that "[t]he zoning board of review shall include in its decision all findings of fact. . . ." Section 45-24-61. In addition, the Rhode Island Supreme Court has stated that this Court "must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany."Irish P'ship, 518 A.2d at 358-59.
It is well settled under Rhode Island law that this Court "shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact." Section 45-24-69. This deferential standard of review, however, is contingent upon the Board making sufficient findings of fact. Kaveny, 875 A.2d at 8; vonBernuth, 770 A.2d at 401 (addressing the requirement that Board decisions include findings of fact so they "may be susceptible of judicial review"). When the record is *Page 12 
devoid of findings of fact, or findings of fact are judged to be inadequate, judicial review becomes impossible. Kaveny, 875 A.2d at 8. In such situations, this Court "will not search the record for supporting evidence or decide for itself what is proper in the circumstances." von Bernuth, 770 A.2d at 401 (quoting Irish P'ship,518 A.2d at 359). Particularly as it relates to applications for variances, zoning boards and their attorneys should "make certain that zoning-board decisions on variance applications . . . address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d)." Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001).[4]
In its decision, the Board summarized the evidence and testimony presented at the hearing, but never made findings as to what portions of the evidence it accepted as true and relied upon in rendering its decision. (Board's Decision 1-2.) The decision merely refers to the evidence and cites the standard of review as it appears in both the Town of Lincoln Ordinance Code and the Rhode Island General Laws. The Board's bare recitation of the standard of review coupled with a summary of the evidence cannot be construed as providing sufficient findings of fact.Irish P'ship, 518 A.2d at 358-59. In granting the Applicant's requests for dimensional relief, the Board inserted conclusory, boilerplate language, but did not support that language with any factual findings.See id.; see also Hopf v. Board of Review, 102 R.I. 275, 288,230 A.2d 420, 428 (1967). The Board stated:
 1. Upon consideration of the evidence the Applicant has demonstrated that the hardship from which she seeks relief is due to the unique characteristics of the subject land or structure and not due to the *Page 13 
general characteristics of the surrounding area and is not due to a physical or economic disability of the Applicant.
 2. The hardship is not the result of any prior action by the applicant and does not result primarily from the desire of the Applicant to realize greater financial gain.
 3. The hardship suffered by the Applicant does constitute more than a mere inconvenience meaning that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the property.
 4. The granting of the dimensional variance will not alter the general character of the surrounding area or impair the intent or purpose of the Lincoln Zoning Ordinance or Comprehensive Plan.
 5. The relief is the least relief necessary.
(Board's Decision 3.)
The decision reveals virtually nothing about how the Board arrived at its conclusions that the Applicant had satisfied the statutory test for the granting of a dimensional variance. Pertinent to the issues raised by Wyatt on appeal, the Board utterly failed to address the evidence that led to a finding that the hardship did not result primarily from Hein's desire to realize greater financial gain.
In its written decision, the Board must articulate the specific evidence upon which it relied in making its findings. SeeKaveny, 875 A.2d at 8; see also Sciacca, 769 A.2d at 585. Absent such specification, the Court is unable to determine what evidence persuaded the Board that the request for relief met the statutory requirements. Where a zoning board does not set forth in its decision findings of fact and reasons for the action taken, this Court will not look to the record, even if substantial evidence in the record *Page 14 
would support the zoning board's ultimate conclusions. Kaveny,875 A.2d at 8; see also Sciacca, 769 A.2d at 585.
After reviewing the Board's written decision, this Court finds that the Board failed to make sufficient findings of fact and failed to relate those facts to the legal standard pertinent to considering an application for dimensional relief, as set forth in § 45-24-41(c) and (d). Accordingly, this Court must remand the case to the Board for further proceedings consistent with this opinion. On remand, the Board is directed to adequately set forth each of its findings of fact and to relate those findings to the applicable law. Kaveny, 875 A.2d at 9;see also Sciacca, 769 A.2d at 585. The Board must address the specific evidence that led the Board to approve the dimensional variances in accordance with the statutory requirements. Kaveny, 875 A.2d at 9;see also Sciacca, 769 A.2d at 585.
 IV Conclusion
Upon review of the record before it, this Court finds that the Board's findings of fact and decision were inadequate, amounting to unsupported conclusions. This Court will not look to the record when the Board fails to state findings of fact addressing each of the requisite conditions of law for a dimensional variance. Therefore, this matter is remanded to the Board, so that it may make sufficient findings of fact consistent with this opinion. Jurisdiction shall be retained by this Court.
[1] It should be noted that the Appellant has challenged only the following three dimensional variances approved by the Board, which are by-products of the planned subdivision:
 1. Parcel 1:
 a. 1.4 % Lot Coverage Relief; and
 b. 29 ft. Setback from the North Side of the Garage
 2. Parcel 2:
 a. 6.3 ft. Width Relief
The Appellant does not challenge the four requested dimensional variances that relate to existing nonconformities and would not be created by the proposed subdivision.
[2] Section 260-86(D) of the Town of Lincoln Zoning Ordinance Code essentially tracks the language contained in § 45-24-69(d).
[3] Similarly, Lincoln Zoning Ordinances § 260-64 and § 260-65(B) are virtually identical in substance to that of § 45-24-41(c) and (d).
[4] Our Supreme Court in Sciacca noted that such specification of evidence in the decision would greatly aid the Superior Court in performing requested reviews of zoning board decisions.Id.