DECISION
Appellant appeals the decision ("Decision") of City of Pawtucket Zoning Board of Review ("Board of Review"), affirming zoning ordinance violations determined by a City of Pawtucket Zoning Official. Such zoning ordinance violations pertained to a non-conforming, and long standing, commercial sign located on Appellant's residentially zoned property. Jurisdiction is pursuant to G.L. 1956 § 45-24-69. For the reasons set forth herein, this Court remands this proceeding to the City of Pawtucket Zoning Board of Review for further proceedings consistent with this decision.
 I Facts and Travel
Appellant Kevin L. Miniati ("Appellant") owns property located at 468-472 Newport Avenue, Pawtucket, Rhode Island, otherwise known as Tax Assessor's Plat 33, Lot 525 ("Property"). (City of Pawt. Bd. of Appeals Tr., May 27, 2008 ("Tr.") at 3.) The Property *Page 2 
consists of 8103 square feet in total area with 100 feet of frontage. (Appellant's Appl. to Pawt. Bd. of Appeals, April, 8, 2008 ("Appl. to Bd. of Appeals").) Subsequent to Appellant's purchase of the Property, it was rezoned from "residential single-family" to "residential multi-family" by the Pawtucket City Council. (Tr. at 3.) Accordingly, Appellant began construction of a three-family dwelling, now a permitted use. Id at 3-4.
In November 2005, when Appellant purchased the Property a commercial sign ("Sign') that featured advertising was already present — and still is — on the plat of land. Such Sign is fewer than twelve square feet in size and located within ten feet of the property line. (Notice of Violation, March 20, 2008.) The Sign rests atop an electrical post and is lit in the evening by two lights whose utilities are attached to the Property. (Tr. at 4-6.) Notably, under the Pawtucket Zoning Ordinance, Table of Use Regulations, Category 21, neither residential multi-family nor residential single-family zoning permits billboard signage.
On March 20, 2008, John W. Hanley, City of Pawtucket Building Official ("Zoning Official"), issued notice to Appellant regarding violations of the Pawtucket Zoning Ordinance. Such notice was issued as a result of a non-conforming Sign located on his Property. (Notice of Violation, March 20, 2008.) Specifically, Appellant was informed that the Sign was in violation of zone ordinances section 410-83(A)(6)(C) and section 410-90(B) and (C).Id. Section 410-83(A)(6)(C) pertains to the location of the Sign with respect to Appellant's property line, and section 410-90 (B) and (C) pertains to removal of the Sign due to its presumed status as "abandoned." Id. The Zoning Official presumed the Sign as "abandoned" because it has not displayed any advertising copy for well-over 90 days. (Tr. at 30-31.)
On April 8, 2008, Appellant appealed the decision to the Board of Review. (Appl. to Bd. of Appeals.) At this time George Shabo, Board of Review member, excused himself from the *Page 3 
matter due to a conflict of interest concerning his status as an acquaintance of Appellant. (Tr. at 1.) A properly advertised public hearing on such appeal was held on May 27, 2008, at which Appellant's counsel challenged the Zoning Official's finding. Id
At the public hearing, Appellant's counsel first asserted that the Sign possessed "grandfather rights," which allowed its continuation.Id at 4-6. Appellant's counsel then explained that the Sign had been on the Property since at least 1950 and that a pattern of usage had been established because the Property's previous owners had used the Sign to feature advertising for "My Brother's Pub" for a number of years. Id Shortly after Appellant purchased the Property, Appellant's Counsel explained, "My Brother's Pub" went out of business.Id Consequently, the Sign remained empty from December 2005 until sometime following the Zoning Official's decision letter dated March 20, 2008. Id
Appellant's counsel next disputed the City of Pawtucket's presumption that the Sign was "abandoned." Id Such presumption was rebutted on the grounds that Appellant never planned to abandon the Sign. Appellant's counsel instead argued that Appellant purchased the property with the intention of maintaining the Sign for his future use and economic benefit. Id In support of such abandonment, Appellant's counsel gave specific examples of Appellant's actions; particularly, Appellant's repainting the Sign and transferring the Sign's electric meter into his name. Id At this time, Appellant's counsel also noted that the Sign currently displayed an insert after having previously been empty for years. Id
On May 27, 2008 and at the continued public hearing on June 4, 2008, two witnesses testified on the subject matter of the non-conforming Sign. Witness Elaine Jameson, resident of 10 Lawrence Parkway, Pawtucket, Rhode Island[1], testified that the sign was "not nice to look at" *Page 4 
and that she opposed the idea of certain types of commercial signage, particularly those with lighting, within a residential neighborhood. (Tr. at 33.) Witness Michael Cassidy, City of Pawtucket Director of Planning and Redevelopment, stated that he believed the Sign actually qualified as a billboard and that it was properly considered "abandoned" since it had not featured any sign copy or inserts for a minimum of two years. Id at 34-37.
On June 4, 2008, the Board of Review voted to deny Appellant's appeal. (City of Pawt. Bd. of Appeals Tr., June 4, 2008 at 8.) In upholding the determination of the Zoning Official, the Board of Review found that the Sign had been abandoned and was therefore correctly labeled as non-conforming. Id. at 1-8. On July 22, 2008 the Board of Review issued a written decision formally denying Appellant's appeal. (City of Pawt. Bd. of Review, Decision, July 22, 2008.) Within said decision, the Board of Review's reasoning for affirming the decision of the Zoning Officer was not explained, indicating only "[t]hat the Zoning Board of Review for the City of Pawtucket does hereby deny the appeal of the Zoning Official's Decision, and therefore, upholds the Decision of the Zoning Official." Id.
On July 29, 2008, Appellant filed a timely appeal of the Board of Review's decision. A stay of said Decision was issued by this Superior Court, Pfeiffer, J., on November 13, 2008.
 II Standard of Review
The appellate review of the Superior Court over city or town zoning board decisions is governed by G.L. 1956, § 45-24-69. Such statute effectively limits the scope of this Court's jurisdiction. Section 45-24-69(d) specifically provides:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of *Page 5 
review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
More generally, the reviewing Court must abide by "the `traditional judicial review' standard applicable to administrative agency actions."Restivo v. Lynch, 707 A.2d 663, 665 (R.I. 1998). This standard provides that this Court "lacks the authority to weigh the evidence, to pass upon credibility of witnesses, or to substitute [its] findings of fact for those made at the administrative level."Id. at 665-66 (quoting Lett v. Caromile,510 A.2d 958, 960 (R.I. 1986)). Thus, this Court "may `not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact.'" Curren v. Church CommunityHousing Corp., 672 A.2d 453, 454 (R.I. 1996) (quoting § 45-24-69(d)).
Notably, deference is afforded to zoning boards on questions of fact because "a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance." Monforte v. Zoning Bd. ofReview of East Providence,93 R.I. 447, 449, 176 A.2d 726, 728 (1962). Still, such deference is not absolute and therefore conditioned upon a zoning board's providing sufficient factual findings in support of its *Page 6 
decision. Kaveny v. Town of Cumberland Zoning Bd. of Review,875 A.2d 1, 8 (R.I. 2005). Therefore, when conducting its review, this Court is required to ensure that a zoning board has supplied "substantial evidence" to support its findings. Salve ReginaCollege v. Zoning Bd. of Review of City of Newport,594 A.2d 878, 880 (R.I. 1991) (finding that "substantial evidence is `such relevant evidence that a reasonable mind might accent as adequate support a conclusion'"). (quoting Lischio v. Zoning Bd. of Review ofNorth Kingstown, 818 A.2d 685, 690 (R.I. 2003)). Conversely, on matters of law, this Court conducts de novo review and therefore may remand a case for further proceedings, or vacate the decision, where there are inadequate findings. Von Bernuth v. Zoning Bd. of Review ofTown of North Shoreham, 770 A.2d 396, 399 (R.I. 2001).
 III Decision of Zoning Board
To satisfy the legal criteria set forth by the Rhode Island legislature a zoning board must "include in its decision all findings of fact." Section 45-24-69. The Rhode Island Supreme Court has repeatedly affirmed, with respect to administrative actions, that an appellate court "must decide whether the [zoning] board members resolved evidentiary conflicts, made prerequisites factual determinations, and applied the proper legal principles." Irish P'ship v. Rommel,518 A.2d 356, 358-9 (R.I. 1986). Specifically, where the Court's record is absent such findings of fact, effective judicial analysis becomes nearly impossible and appellate review is delayed until supplementary support is attached. Von Bernuth, 770 A.2d at 401.
Moreover, where required evidence is not found, appellate courts are barred from "search[ing] the record for supporting evidence or decid[ing] for itself what is proper in the circumstances."Id.; see also Restivo, 707 A.2d at 665. Thus, this Court may remand a decision for further proceedings, particularly the inclusion of factual findings relative to the zoning *Page 7 
board's conclusions. Id Otherwise, an appellate Court's judicial review becomes primarily based on inference, making any of its determinations flawed as a matter of law. Id.
In its written Decision, the Pawtucket Zoning Board concludes and affirms the Zoning Officer by finding that the Sign in question is non-conforming. Such Decision concludes "[t]hat the Zoning Board of Review for the City of Pawtucket does hereby deny the appeal of the Zoning Official's Decision, and therefore, upholds the Decision of the Zoning Official."[2]
(City of Pawt. Bd. of Review, Decision, July 22, 2008.)
As discussed, Rhode Island courts have consistently ruled that zoning boards must articulate specific evidence in support of their conclusions. See Kaveny, 875 A.2d at 8; seealso Sciacca v. Caruso, 769 A.2d 578, 585 (R.I. 2001). Here, while case facts are provided within the Decision, the Zoning Board's resolution of the matter stands noticeably separate from such facts. Any factual information offered is recited for historical purposes and is not identified as specific to the Decision's holding. Consequently, the legally required correlation between the evidence on record and the Zoning Board's conclusion is absent. Furthermore, with respect to the content of a zoning board decision, the Supreme Court has repeatedly noted that "findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany." Irish P'ship,518 A.2d at 358-59; see also Hopf v. Board ofReview, 102 R.I. 275, 288, 230 A.2d 420, 428 (1967). Under this well-settled standard, the conclusory boilerplate language found within the Decision — particularly the Zoning Board's final resolution of the matter — is insufficient as a matter of law. *Page 8 
 IV Conclusion
After reviewing the record, this Court finds that the Decision of the Zoning Board has insufficient findings of fact and conclusions of law. Accordingly, the Decision of the Zoning Board is remanded for further findings of fact and conclusions of law. This Court will retain jurisdiction.
Counsel shall submit the appropriate order for entry.
[1] Appellant's property and the residence of the witness are approximately two miles apart.
[2] Prior to the Zoning Board's resolution of the matter, the Decision lists what the Board presumably considered as the pertinent case facts of record. *Page 1